UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE JOAQUIN RAMIREZ,

        Petitioner,

- against -

WARDEN,

        Respondent.

---

18cv6610 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL, District Judge:**

The petitioner, Jose Joaquin Ramirez, brings this petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. The petitioner filed an amended petition, dated April 29, 2019, which the Court construed as a motion for leave to amend the petition. The respondent opposes the petitioner's motion to amend the petition and asks the Court to deny the motion to amend the petition and to dismiss the petition itself.

I.

The petitioner was indicted in state court for multiple offenses in relation to two incidents on July 18, 2017. The charges include, among others, making a terroristic threat. Wen Decl. ¶4 and Ex. 2. The petitioner has undergone two psychological exams pursuant to Section 730 of the New York Criminal Procedure Law. Wen Decl. Exs. 8, 14. After the first exam on September 26, 2017, the petitioner was found unfit to proceed and was committed to the Kirby Forensic Psychiatric

1

Center on November 3, 2017. Wen Decl. ¶ 10. After being found fit to proceed in February 2018, Wen Decl. ¶ 14 and Ex. 12, the petitioner was subsequently again found unfit to proceed after a second evaluation on October 2, 2018. Wen Decl. ¶ 15. He was then committed to Mid-Hudson Forensic Psychiatric Center in December 2018. Wen Decl. ¶ 16.

In his original petition, the petitioner argued that his right to a speedy trial was violated, that he was being denied his right to be free from self-incrimination, and that he was being denied his right to bail. Pet. at 1; Suppl. Pet. at 1, 7. The respondent opposed the original petition, on the grounds that (1) the Court should not intercede in an ongoing state criminal proceeding, including a proceeding for bail, (2) the petitioner had not yet exhausted his state court remedies, (3) there was no speedy trial claim violation because delays were related to the adjudication of the petitioner's mental competency, and (4) undergoing a court-ordered psychiatric examination did not violate the petitioner's privilege against self-incrimination.

In his amended petition, which the Court is treating as a motion for leave to file an amended petition, the petitioner alleges violations of (1) Bill of Attainder, (2) Freedom of Speech, (3) Procedural Due Process,
(4) Substantive Due Process, (5) Presentment of Indictment,

(6) Double Jeopardy, (7) Right to be Accused, (8) Right to Effective Assistance of Counsel, (9) Right to Defend Pro Se, (10) Speedy Trial, (11) Right to Bail, (12) Cruel and Unusual Punishment, (13) Slavery, (14) Privileges and Immunities, and (15) constitutional rights under Miranda v. Arizona, 384 U.S. 436 (1966), Estelle v. Smith, 451 U.S. 454 (1981), and Vitek v. Jones, 445 U.S. 480 (1980).

The respondent opposes the motion to amend the petition, arguing that the petitioner's claim is futile under Younger v. Harris, 401 U.S. 37 (1971), because there is an active criminal proceeding in state court and that the petitioner has failed to exhaust his claims in state court.

The petitioner is no longer detained and has been released on his own recognizance. The petitioner states that the granting of bail is no longer needed by the Federal Court. Pet'r's Reply ¶ 35. However, he seeks relief from the court for violations of due process from the denial of bail for 620 days, and asks the Court to "properly adjudicate" his claim and to declare that the denial of bail was "a gross miscarriage of justice." Id. The petitioner's state court case is pending; a court date was held on June 21, 2019, and another one was set for September 6, 2019. Letter of Pet'r dated June 25, 2019, ¶¶ 1, 5.

3

## II.

Prior to reaching the decision on the merits of the petitioner's claims, it is necessary to determine whether the court will decide the original petition, or the petition as amended.

A motion to amend a Section 2241 habeas petition is governed by Federal Rule of Civil Procedure 15. See 28 U.S.C. § 2242 (habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); see Vargas v. Davies, No. 15cv3525 (ER), 2016 WL 3044850, at *3 (S.D.N.Y. May 27, 2016). Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend may, however, be denied when there is a sound basis for doing so, such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962). "A pro se complaint is to be read liberally and should not be dismissed without granting leave to amend at least once when such a reading gives any indication that a valid claim might be stated. Thus, while futility is a valid reason for denying a motion to amend, this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended

4

claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations and internal quotations omitted).

While the respondent argues that the petitioner's claim is futile under Younger because there is an active criminal proceeding and that the petitioner has failed to exhaust his claims in state court, the petitioner argues that Younger is not good law, and that the respondent cannot meet its burden to show why Younger abstention is appropriate. The petitioner also argues that unlike 28 U.S.C. § 2254, 28 U.S.C. § 2241 does not have an exhaustion requirement. In any case, the petitioner contends that he has exhausted all claims properly.

Given the emphasis in the Federal Rules of Civil Procedure on freely giving leave to amend complaints and in this Circuit's case law to read pro se complaints liberally, the Court will decide the original petition as amended.

### III.

The petitioner's amended petition is denied on the merits.

### A.

The petitioner's claim for bail is moot because the plaintiff has been released on his personal recognizance. Under a broad reading of the petitioner's claims, the Court treats the petitioner's request to "properly adjudicate" his claim for bail and declare that the denial of bail was a "miscarriage of justice" as a request for damages and declaratory judgment.

However, a petitioner may not seek monetary damages in a habeas petition, see Hardy v. Fischer, 701 F. Supp. 2d 614, 620 (S.D.N.Y. 2010), or use the writ to seek declaratory judgment, see U. S. ex rel. Burke v. Fay, 231 F. Supp. 385, 386 (S.D.N.Y. 1964). The purpose of the writ of habeas corpus "is to assure that when a person is detained unlawfully or in violation of his constitutional rights he will be afforded an independent determination by a federal court of the legality of his detention, even though the issue may already have been decided on the merits by a state tribunal." U. S. ex rel. Radich v. Criminal Court of City of New York, 459 F.2d 745, 748 (2d Cir. 1972). Therefore, the petitioner's request for other relief related to the denial of bail is denied.

**B.**

As to the petitioner's remaining claims, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of irreparable injury that is both great and immediate. See Younger, 401 U.S. at 45 (1971). "Younger abstention is appropriate when: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Court for Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995).

All three requirements for abstention are clearly met. Firstly, the state criminal case against the petitioner is scheduled to proceed to trial and the petitioner was scheduled to appear in state court as recently as September 6, 2019. Secondly, "it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one." Id. "There is no question that [an] ongoing prosecution implicates important state interests." Davis v. Lansing, 851 F.2d 72, 76 (2d Cir. 1988). Lastly, to the extent that the petitioner has any constitutional claims, they can be raised in the state court proceeding and, if necessary, raised on appeal from any conviction. See Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").

The petitioner has also failed to make any showing of extraordinary circumstances or irreparable injury that would justify federal intervention in the pending state criminal proceeding. "Only if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it, can there be any relaxation of the deference to be accorded to the state criminal process." Id.

7

**IV.**

The respondent also argues that the petitioner has not fulfilled the writ's requirement for exhaustion. In contrast, the petitioner contends that 28 U.S.C. § 2241 does not require exhaustion, but that in any case, he has exhausted all of his claims. The Court of Appeals has held that "[w]hile 28 U.S.C. [§] 2241 does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism." U. S. ex rel. Scranton v. State of N. Y., 532 F.2d 292 (2d Cir. 1976). In any event, it is unnecessary to reach the issue of exhaustion to deny the petitioner's application in this case.

## CONCLUSION

The Court has considered all of the arguments raised by the parties, including legal arguments brought to the Court's attention in supplemental briefings. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the amended petition for a writ of habeas corpus is **denied**. The Clerk is directed to enter judgment dismissing this case. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** New York, New York
September 12, 2019

_____
John G. Koeltl
**United States District Judge**