USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE JOAQUIN RAMIREZ,

        Petitioner,

- against -

WARDEN,

        Respondent.

---

18-cv-6610 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The petitioner, Jose Joaquin Ramirez, moves the Court for reconsideration of this Court's decision denying the defendant's petition pursuant to 28 U.S.C. § 2241 for a writ of habeas corpus. The petitioner also seeks an extension of time to file a notice of appeal.

I.

Reconsideration is an extraordinary remedy and should only be granted where the moving party demonstrates "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y. 2014); United States v. Alvarez-Estevez, No. 13 CR. 380 (JFK), 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014).

The petitioner has failed to make the necessary showing. "Younger abstention is appropriate when: (1) there is an ongoing state proceeding; (2) an important state interest is implicated;

1

and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Court for Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995). Abstention under Younger is still appropriate, because the state criminal proceeding against the petitioner is still pending, the state continues to have an important interest in the ongoing prosecution, and the petitioner may still raise constitutional claims in the state proceeding, and if necessary, on appeal from any conviction. The petitioner has not offered any new evidence of "extraordinary circumstances that render the state court incapable of fairly and fully adjudicating the federal issues before it." See Kugler v. Helfant, 421 U.S. 117, 124 (1975). Such extraordinary circumstances must show a "pressing need for immediate federal equitable relief, [and] not merely in the sense of presenting a highly unusual factual situation." Id. at 125.[1] Therefore, the petitioner's motion for reconsideration is **denied**.

## II.

With respect to this decision and the Court's decision on September 12, 2019 (Dkt. No. 51), because the petitioner has not made a substantial showing of the denial of a constitutional

---

[1] The petitioner clarifies that a claim for money damages was never made in this case. Pet.'s Mot. ¶ 55. It is clear that the relief that the petitioner does seek is contrary to Younger, because any such relief would interfere with an ongoing state criminal proceeding.

2

right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The petitioner has the right to apply for relief in the Second Circuit Court of Appeals. However, the motion to extend time to file a notice of appeal is **denied**, because the Court has found that there is no good faith basis for an appeal.

## CONCLUSION

The Court has considered all of the arguments raised by the petitioner. To the extent not specifically addressed, the arguments are either moot or without merit.

For the reasons explained above, the motions for reconsideration and for extension of time to file a notice of appeal are **denied.**

The Clerk is directed to enter judgment dismissing this case. The Clerk is also directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 30, 2019**

_____
**John G. Koeltl**
**United States District Judge**

3